IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CIV. NO. 06-00293 SOM/LEK |
| | ) | |
| UPLAND PARTNERS, a Hawaii Limited Partnership, | ) | (Bankr. Case No. 97-03746) |
| | ) | |
| Debtor, | ) | ORDER AFFIRMING BANKRUPTCY COURT ORDER DISTRIBUTING SOME OF THE ASSETS OF THE BANKRUPTCY ESTATE |
| WILLIAM S. ELLIS JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD EMERY, Trustee, et al., | ) | |
| | ) | |
| Appellees. | ) | |

ORDER AFFIRMING BANKRUPTCY COURT ORDER DISTRIBUTING
SOME OF THE ASSETS OF THE BANKRUPTCY ESTATE

I.      INTRODUCTION.

        This appeal concerns orders issued on October 6, 2005
(Bankruptcy Court Document Nos. 3326 and 3327), by Bankruptcy
Judge Robert J. Faris that distributed some of the remaining
assets of Upland Partners' bankruptcy estate to its creditors.
Given the extraordinary circumstances presented by the bankruptcy
case, this court affirms the distribution of the assets to these
creditors without a reorganization plan.[1]

_____

        [1]The court affirms the orders without a hearing.  This
means that the hearing scheduled for December 11, 2006, is taken
off this court's calendar.

II.      STANDARD OF REVIEW.

          This court reviews the Bankruptcy Court's findings of

fact for clear error and its conclusions of law de novo.  In re

Kimura (United States v. Battley), 969 F.2d 806, 810 (9th Cir.

1992) ("The court reviews the bankruptcy court's findings of fact

under the clearly erroneous standard and its conclusions of law

de novo.").

III.     ANALYSIS.

          In the Memorandum of Decision Regarding Order to Show

Cause filed in the Bankruptcy Court on March 16, 2006, which is

available through PACER on the Bankruptcy Court website as

Bankruptcy Court Document No. 3475 ("Show Cause Order"), Judge

Faris details the extensive history of Upland's underlying

bankruptcy proceeding.  The court takes judicial notice of that

order, as well as the docket sheets in the Bankruptcy Court and

in this court.  This court's own experience with appeals of

nearly all the orders issued by Judge Faris, in combination with

the facts set forth in the Show Cause Order and with the docket

sheets, demonstrates that the underlying Bankruptcy Court case

has been one of the most litigious bankruptcies in the history of

bankruptcy cases filed in the District of Hawaii.

          It appears that, since the implementation of the

Bankruptcy Court's computerized docketing system years ago, only

one bankruptcy in this district has involved more filings than

the underlying bankruptcy proceeding--the case involving Hawaiian Airlines' bankruptcy.  Compare Show Cause Order at 5, with In re Upland Partners, Case No. 97-03746, Docket.  As of today, there have been 3590 filings in the present underlying bankruptcy case. This number of filings exceeds the number of documents filed in bankruptcies involving large companies such as the Liberty House department store chain and Aloha Airlines.  Id.  As Judge Faris found, there is no good reason that the reorganization of Upland Partners, a debtor with only modest assets, has spawned so much litigation.  Show Cause Order at 6.  Judge Faris determined that William Ellis, Jr., needlessly multiplied the Bankruptcy Court litigation.  This court's own extensive experience with the reorganization of Upland Partners has involved a seemingly never-ending series of meritless appeals involving Ellis.  This is another one of those appeals.

Ellis now appeals orders by Judge Faris that granted a motion to distribute some of the assets of Upland's bankruptcy estate to creditors.  Ellis's sole argument is that the distribution was improper because, absent extraordinary circumstances, such distributions in a Chapter 11 case should only be made pursuant to a confirmed reorganization plan.  See In re Airbeds, Inc., 92 B.R. 419, 422 (B.A.P. 9th Cir. 1988) ("The general rule is that a distribution on pre-petition debt in a Chapter 11 case should not take place except pursuant to a

3

confirmed plan of reorganization, absent extraordinary circumstances."). Ellis argues that the distribution of Upland Partners' assets was improper because there is no confirmed reorganization plan in the underlying bankruptcy proceeding.

Judge Faris stated,

> [I]f the circumstances of this case are not extraordinary, then I can not imagine what set of circumstances would be extraordinary. Requiring the trustee to propose a plan would serve no useful purpose. The plan litigation process would only gratify Mr. Ellis' desires to litigate for the sake of litigating and to inflict financial suffering on all of his perceived adversaries.

Memorandum Decision on Trustee's Motion to Distribute the Remaining Assets of the Estate and Close the Case (Oct. 6, 2005) (Bankruptcy Court Document No. 3326). Given the extensive history of this case and Ellis's litigious nature, Judge Faris did not abuse his discretion in finding that it involves extraordinary circumstances. Even if the court were to review his determination of extraordinary circumstances de novo, this court would agree that this case presents the extraordinary circumstance in which a reorganization plan is not necessary to distribute Upland Partners' assets.

To force the Bankruptcy Court to approve a reorganization plan before distributing the assets would only serve to delay this nine-year old Bankruptcy Court proceeding, possibly allowing this case to become the most litigious bankruptcy in the history of this district. Surely, such a

4

process would involve multiple motions filed by Ellis, as well as appeals to this court, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  Such a delay would needlessly cause Upland Partners' creditors to spend time and money litigating the reorganization plan, as the history of this case suggests that much of this litigation would involve meritless arguments.  Such a delay might even completely deplete the assets of Upland Partners, meaning that the unsecured creditors would receive nothing at all.  The court therefore affirms the order distributing some of Upland Partners' assets.

IV.      <u>CONCLUSION.</u>

Because extraordinary circumstances exist that justify the distribution of some of Upland Partners' assets without a confirmed reorganization plan, the court affirms the October 6, 2005, Bankruptcy Court orders distributing some of Upland Partners' remaining assets.  The Clerk of Court is directed to enter judgment pursuant to this order and to close this case. The Clerk of Court shall also forward a copy of this order to the Bankruptcy Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 7, 2006.

Susan Oki Mollway
United States District Judge

<u>In re Upland Partners</u>, Civil No. 06-00293 SOM-LEK; ORDER AFFIRMING BANKRUPTCY COURT ORDER DISTRIBUTING SOME OF THE ASSETS OF THE BANKRUPTCY ESTATE